**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JANET MENDEZ,
                    Appellant,

          v.

OFFICE OF PERSONNEL
      MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-0845-16-0154-I-1

DATE: August 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Janet Mendez</u>, Miami, Florida, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1          The appellant has filed a petition for review of the initial decision, which dismissed, for lack of jurisdiction, her appeal concerning an alleged overpayment of Federal Employees' Retirement System (FERS) benefits by the Office of Personnel Management (OPM). Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The appellant previously filed two Board appeals concerning the same overpayment at issue in the instant appeal. The appellant's March 31, 2013 appeal was dismissed for lack of jurisdiction in an April 30, 2013 initial decision because OPM had not yet issued a reconsideration decision on the overpayment issue. *Mendez v. Office of Personnel Management*, MSPB Docket No. AT-0845-13-0436-I-1, Initial Decision at 1-3 (Apr. 30, 2013). After receiving a reconsideration decision from OPM on the overpayment matter, the appellant filed a second Board appeal. *See Mendez v. Office of Personnel Management*, MSPB Docket No. AT-0845-15-0165-I-1. On December 16, 2014, OPM rescinded its reconsideration decision and moved that the appeal be dismissed for lack of jurisdiction. *See Mendez v. Office of Personnel Management*, MSPB Docket No. AT-0845-15-0165-I-1, Initial Decision at 2 (Dec. 16, 2014). The administrative judge in that appeal then dismissed the appeal for lack of jurisdiction because OPM had rescinded its reconsideration decision. *Id*. at 1-2.

¶3        The appellant has now filed a third appeal concerning the purported overpayment.  Initial Appeal File (IAF), Tab 1.  In its response to the appeal, OPM asserted that there was no evidence that it had issued a new final decision, and therefore, there was no basis for Board jurisdiction.  IAF, Tab 6 at 4.  The appellant did not respond to OPM's submission.

¶4        In his initial decision, the administrative judge found that OPM had not issued a final decision on the overpayment matter since OPM rescinded its reconsideration decision on December 16, 2014.  IAF, Tab 7, Initial Decision (ID) at 3.  Regarding the appellant's assertion that OPM had "done nothing" with her case, the administrative judge found that the delay was not so unconscionable as to lead to the conclusion that OPM does not intend to issue a final decision in the future and that OPM's assertion that it intends to issue a reconsideration decision is entitled to significant weight.  ID at 3-4.  The administrative judge also found that the totality of the circumstances did not support the Board exercising jurisdiction over the appellant's appeal.  *Id*.  Thus, the administrative judge dismissed the appeal for lack of jurisdiction.  ID at 4.

¶5        The appellant has filed a petition for review in which she argues only the merits of the overpayment matter.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 2 (2015).  Under 5 U.S.C. § 8461(e), the Board has jurisdiction to review "[a]n administrative action or order affecting the rights or interests of an individual" under FERS.  The Board has recognized three situations in which OPM is deemed to have issued an appealable decision under the statute.  *Okello v. Office of Personnel* Management, 120 M.S.P.R. 498, ¶ 14

(2014). Two of those situations are prescribed by OPM's regulations: OPM may either (1) issue a reconsideration decision under 5 C.F.R. § 841.306 or (2) issue an initial decision without reconsideration rights under 5 C.F.R. § 841.307. Either type of decision is final and appealable to the Board under 5 C.F.R. § 841.308. *See* 5 U.S.C. § 8461(e); *Okello*, 120 M.S.P.R. 498, ¶ 14. The third situation derives from Board case law. *Okello*, 120 M.S.P.R. 498, ¶ 14. Specifically, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Id.* The Board makes this determination by looking at the totality of the circumstances. *Id.*, ¶ 15.

¶7 In this appeal, OPM rescinded its reconsideration decision on December 16, 2014, and has not issued a new final decision. Thus, the only basis for the Board to exercise jurisdiction over this appeal is if OPM has refused or improperly failed to issue a final decision. The administrative judge concluded that this was not the case. ID at 3-4.

¶8 On review, the appellant makes arguments about the merits of her appeal, but does not challenge the administrative judge's determination that the Board lacks jurisdiction over her appeal. PFR File, Tab 1. Based on our review of the record, we discern no basis to disturb the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Thus, we deny the petition for review and affirm the initial decision.[2]

---

[2] The appellant may file an appeal again, consistent with the Board's regulations, after OPM issues a final decision regarding the alleged overpayment of retirement benefits. *See* 5 C.F.R. § 841.308; *see also* 5 U.S.C. § 8461(e).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                   _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.